1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
2  Norman B. Blumenthal (State Bar #068687)
   Kyle R. Nordrehaug (State Bar #205975)
3  Aparajit Bhowmik (State Bar #248066)
   Nicholas J. De Blouw (State Bar #280922)
4  Christine T. LeVu (State Bar #288271)
   2255 Calle Clara
5  La Jolla, CA 92037
   Telephone: (858)551-1223
6  Facsimile: (858) 551-1232
   Website: www.bamlawca.com
7
8  Attorneys for Plaintiff

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**10/03/2023**
**Clerk of the Court**
BY: DAEJA ROGERS
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JOHNATHAN VIGIL, an individual, on behalf of himself and on behalf of all persons similarly situated, <br><br>    Plaintiff, <br><br> vs. <br><br> ALASKA AIRLINES, INC., a Corporation; and DOES 1 through 50, inclusive, <br><br>    Defendants. | Case No. _____ **CGC-23-609451** <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; <br> 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; <br> 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510; <br> 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; <br> 7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and, <br> 8. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB CODE §§201-203, 233, 246. <br><br> **DEMAND FOR A JURY TRIAL** |

1

Johnathan Vigil ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following.

## THE PARTIES

1.      Alaska Airlines, Inc. ("DEFENDANT") is a Corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

2.      DEFENDANT owns and operates an airline company.

3.      PLAINTIFF has been employed by DEFENDANT in California since 2011. PLAINTIFF has been at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA

1  CLASS who have been economically injured by DEFENDANT's past and current unlawful

2  conduct, and all other appropriate legal and equitable relief.

3    6.    The true names and capacities, whether individual, corporate, subsidiary,

4  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are

5  presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious

6  names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this

7  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when

8  they are ascertained.  PLAINTIFF is informed and believes, and based upon that information

9  and belief alleges, that the Defendants named in this Complaint, including DOES 1 through

10  50, inclusive, are responsible in some manner for one or more of the events and happenings

11  that proximately caused the injuries and damages hereinafter alleged.

12    7.    The agents, servants and/or employees of the Defendants and each of them

13  acting on behalf of the Defendants acted within the course and scope of his, her or its

14  authority as the agent, servant and/or employee of the Defendants, and personally

15  participated in the conduct alleged herein on behalf of the Defendants with respect to the

16  conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to

17  the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and

18  the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result

19  of the conduct of the Defendants' agents, servants and/or employees.

20

21                        **THE CONDUCT**

22    8.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

23  was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time

24  worked, meaning the time during which an employee is subject to the control of an

25  employer, including all the time the employee is suffered or permitted to work.

26  DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without

27  paying them for all the time they are under DEFENDANT's control. Among other things,

28  DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to

be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF's off-duty meal break. DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time.  Additionally,  DEFENDANT engages in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime wage compensation, and off-duty meal breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

9. State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

10. The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT.  The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT.  However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and

other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12. During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts

1   worked of ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA

2   CLASS Members were also not provided with one hour wages in lieu thereof.  Additionally,

3   the applicable California Wage Order requires employers to provide employees with off-

4   duty rest periods, which the California Supreme Court defined as time during which an

5   employee is relieved from all work related duties and free from employer control.  In so

6   doing, the Court held that the requirement under California law that employers authorize and

7   permit all employees to take rest period means that employers must relieve employees of all

8   duties and relinquish control over how employees spend their time which includes control

9   over the locations where employees may take their rest period.  Employers cannot impose

10   controls that prohibit an employee from taking a brief walk - five minutes out, five minutes

11   back.  Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA

12   CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule

13   which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work

14   premises during their rest period.

15         13.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to

16   accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the

17   actual amount of time these employees worked.  Pursuant to the Industrial Welfare

18   Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other

19   CALIFORNIA CLASS Members for all time worked, meaning the time during which an

20   employee was subject to the control of an employer, including all the time the employee was

21   permitted or suffered to permit this work.  DEFENDANT required these employees to work

22   off the clock without paying them for all the time they were under DEFENDANT's control.

23   As such, DEFENDANT knew or should have known that PLAINTIFF and the other

24   members of the CALIFORNIA CLASS were under compensated for all time worked.  As a

25   result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by

26   working without their time being accurately recorded and without compensation at the

27   applicable minimum wage and overtime wage rates.  To the extent that the time worked off

28   the clock does not qualify for overtime premium payment, DEFENDANT fails to pay

minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

14.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.     Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.  Cal. Lab. Code § 210 provides:

in      [I]n addition to, and entirely independent and apart from, any other penalty provided this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . . .shall be subject to a civil penalty as follows: (1) For any initial

violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16.     DEFENDANT from time to time failed to pay PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to for the "Hourly" regular wage payments.

17.     DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

18.     Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

19.     DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

20.     As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose

employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

21.     Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these employees all wages due at each applicable pay period and upon termination. PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

22.     DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

23.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by

DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

24.     In violation of the applicable sections of the California Labor Code and the requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to provide PLAINTIFF and the other Aggrieved Employees suitable seating when the nature of these employees' work reasonably permitted sitting.

25.     DEFENDANT knew or should have known that PLAINTIFF and other Aggrieved Employees were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties, and that DEFENDANT did not provide suitable seating and/or did not allow them to sit when it did not interfere with the performance of their duties.

26.     By reason of this conduct applicable to PLAINTIFF and all Aggrieved Employees, DEFENDANT violated California Labor Code Section 1198 and California Code of Regulations, Title 8, Section 11070(14) (Failure to Provide Seating),  Wage Order 4-2001, Section 14 by failing to provide suitable seats.  PLAINTIFF seeks penalties on behalf of PLAINTIFF and other Aggrieved Employees as provided herein.  Providing suitable seating is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT violated the California Labor Code and regulations promulgated thereunder as herein alleged.

27.     Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF.  DEFENDANT did not have a policy or practice which provided timely off-

duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for the legally required off-duty meal periods.  As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records.   The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

28.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

29.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

30.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on

the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

31.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

32.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

33.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

34.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

35.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

        (a)     Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly

and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b)     Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

36.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or

1    identically harmed by the same unlawful, deceptive and unfair

2    misconduct engaged in by DEFENDANT; and,

3    (d)    The representative PLAINTIFF will fairly and adequately represent and

4    protect the interest of the CALIFORNIA CLASS, and has retained

5    counsel who are competent and experienced in Class Action litigation.

6    There are no material conflicts between the claims of the representative

7    PLAINTIFF and the members of the CALIFORNIA CLASS that would

8    make class certification inappropriate.  Counsel for the CALIFORNIA

9    CLASS will vigorously assert the claims of all CALIFORNIA CLASS

10   Members.

11   37.    In addition to meeting the statutory prerequisites to a Class Action, this action

12   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

13   (a)    Without class certification and determination of declaratory, injunctive,

14   statutory and other legal questions within the class format, prosecution

15   of separate actions by individual members of the CALIFORNIA

16   CLASS will create the risk of:

17   1)    Inconsistent or varying adjudications with respect to individual

18   members of the CALIFORNIA CLASS which would establish

19   incompatible standards of conduct for the parties opposing the

20   CALIFORNIA CLASS; and/or,

21   2)    Adjudication with respect to individual members of the

22   CALIFORNIA CLASS which would as a practical matter be

23   dispositive of interests of the other members not party to the

24   adjudication or substantially impair or impede their ability to

25   protect their interests.

26   (b)    The parties opposing the CALIFORNIA CLASS have acted or refused

27   to act on grounds generally applicable to the CALIFORNIA CLASS,

28   making appropriate class-wide relief with respect to the CALIFORNIA

14

CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)  With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief,  injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)  Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which

would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.  Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

38.  This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)  The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the

16

CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

17

39.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

40.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

41.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR

SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

42. DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

43. The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

44. Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

> (a) Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

> (b) Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

> (c) Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

> (d) The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

> (e) Whether DEFENDANT's conduct was willful.

45. DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

> (a) Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

1  CLASS all wages due for overtime worked, for which DEFENDANT is

2  liable pursuant to Cal. Lab. Code § 1194;

3  (b)  Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to

4  accurately pay PLAINTIFF and the members of the CALIFORNIA

5  LABOR SUB-CLASS the correct minimum wage pay for which

6  DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

7  (c)  Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and

8  the members of the CALIFORNIA LABOR SUB-CLASS with an

9  accurate itemized statement in writing showing the corresponding

10  correct amount of wages earned by the employee;

11  (d)  Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

12  PLAINTIFF and the other members of the CALIFORNIA LABOR

13  SUB-CLASS with all legally required off-duty, uninterrupted thirty

14  (30) minute meal breaks and the legally required off-duty rest breaks;

15  (e)  Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

16  when an employee is discharged or quits from employment, the

17  employer must pay the employee all wages due without abatement, by

18  failing to tender full payment and/or restitution of wages owed or in the

19  manner required by California law to the members of the

20  CALIFORNIA LABOR SUB-CLASS who have terminated their

21  employment; and,

22  (f)  Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF

23  and the CALIFORNIA LABOR SUB-CLASS members with necessary

24  expenses incurred in the discharge of their job duties.

25  46.  This Class Action meets the statutory prerequisites for the maintenance of a

26  Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

27  (a)  The persons who comprise the CALIFORNIA LABOR SUB-CLASS

28  are so numerous that the joinder of all CALIFORNIA LABOR SUB-

1    CLASS Members is impracticable and the disposition of their claims as

2    a class will benefit the parties and the Court;

3    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

4    issues that are raised in this Complaint are common to the

5    CALIFORNIA LABOR SUB-CLASS and will apply to every member

6    of the CALIFORNIA LABOR SUB-CLASS;

7    (c)    The claims of the representative PLAINTIFF are typical of the claims

8    of each member of the CALIFORNIA LABOR SUB-CLASS.

9    PLAINTIFF, like all the other members of the CALIFORNIA LABOR

10    SUB-CLASS, was a non-exempt employee paid on an hourly basis who

11    was subjected to the DEFENDANT's practice and policy which failed

12    to pay the correct amount of wages due to the CALIFORNIA LABOR

13    SUB-CLASS.  PLAINTIFF sustained economic injury as a result of

14    DEFENDANT's employment practices.  PLAINTIFF and the members

15    of the CALIFORNIA LABOR SUB-CLASS were and are similarly or

16    identically harmed by the same unlawful, deceptive, and unfair

17    misconduct engaged in by DEFENDANT; and,

18    (d)    The representative PLAINTIFF will fairly and adequately represent and

19    protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

20    has retained counsel who are competent and experienced in Class

21    Action litigation.  There are no material conflicts between the claims of

22    the representative PLAINTIFF and the members of the CALIFORNIA

23    LABOR SUB-CLASS that would make class certification

24    inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS

25    will vigorously assert the claims of all CALIFORNIA LABOR SUB-

26    CLASS Members.

27    47.    In addition to meeting the statutory prerequisites to a Class Action, this action

28    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

      1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

      2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class

23

1
2
3
4

treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

5       48.     This Court should permit this action to be maintained as a Class Action

6  pursuant to Cal. Code of Civ. Proc. § 382 because:

7       (a)     The questions of law and fact common to the CALIFORNIA LABOR

8               SUB-CLASS predominate over any question affecting only individual

9               CALIFORNIA LABOR SUB-CLASS Members;

10      (b)     A Class Action is superior to any other available method for the fair

11              and efficient adjudication of the claims of the members of the

12              CALIFORNIA LABOR SUB-CLASS because in the context of

13              employment litigation a substantial number of individual

14              CALIFORNIA LABOR SUB-CLASS Members will avoid asserting

15              their rights individually out of fear of retaliation or adverse impact on

16              their employment;

17      (c)     The members of the CALIFORNIA LABOR SUB-CLASS are so

18              numerous that it is impractical to bring all members of the

19              CALIFORNIA LABOR SUB-CLASS before the Court;

20      (d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

21              Members, will not be able to obtain effective and economic legal

22              redress unless the action is maintained as a Class Action;

23      (e)     There is a community of interest in obtaining appropriate legal and

24              equitable relief for the acts of unfair competition, statutory violations

25              and other improprieties, and in obtaining adequate compensation for

26              the damages and injuries which DEFENDANT's actions have inflicted

27              upon the CALIFORNIA LABOR SUB-CLASS;

28

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§  17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

49.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

50.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

51.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

52.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

53.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

54.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-

discretionary incentive compensation into their regular rates of pay for purposes of computing the proper overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

55.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

56.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

57.     Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

58.     PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

59.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

60.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

61.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

62.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

63.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

///

///

///

///

///

///

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

64.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

65.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

66.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

67.     Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

68.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

69.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

70.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

29

1   implementing a policy and practice that denies accurate compensation to PLAINTIFF and

2   the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum

3   wage pay.

4       71.     In committing these violations of the California Labor Code, DEFENDANT

5   inaccurately calculated the correct time worked and consequently underpaid the actual time

6   worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

7   DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and

8   other benefits in violation of the California Labor Code, the Industrial Welfare Commission

9   requirements and other applicable laws and regulations.

10      72.     As a direct result of DEFENDANT's unlawful wage practices as alleged

11  herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did

12  not receive the correct minimum wage compensation for their time worked for

13  DEFENDANT.

14      73.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

15  required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

16  Members to work without paying them for all the time they were under DEFENDANT's

17  control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

18  other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

19  that they were entitled to, constituting a failure to pay all earned wages.

20      74.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned

21  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

22  CLASS for the true time they worked, PLAINTIFF and the other members of the

23  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

24  economic injury in amounts which are presently unknown to them and which will be

25  ascertained according to proof at trial.

26      75.     DEFENDANT knew or should have known that PLAINTIFF and the other

27  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

28  time worked.  DEFENDANT elected, either through intentional malfeasance or gross

nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

76.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

77.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///
///
///
///

## THIRD CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code § 510]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

78.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

79.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

80.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

81.     Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek  unless they receive additional compensation beyond their regular wages in amounts specified by law.

82.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

83.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

1  CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

2  DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

3  including overtime work.

4       84.    DEFENDANT's unlawful wage and hour practices manifested, without

5  limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

6  implementing a policy and practice that failed to accurately record overtime worked by

7  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate

8  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

9  CLASS for overtime worked, including, the overtime work performed in excess of eight (8)

10 hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

11 workweek.

12      85.    In committing these violations of the California Labor Code, DEFENDANT

13 inaccurately recorded overtime worked and consequently underpaid the overtime worked by

14 PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT

15 acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in

16 violation of the California Labor Code, the Industrial Welfare Commission requirements

17 and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful

18 wage practices as alleged herein, the PLAINTIFF and the other members of the

19 CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime

20 worked.

21      86.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

22 from the overtime requirements of the law.  None of these exemptions are applicable to the

23 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,

24 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

25 subject to a valid collective bargaining agreement that would preclude the causes of action

26 contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of

27 himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations

28 of non-negotiable, non-waiveable rights provided by the State of California.

87.     During the CALIFORNIA LABOR SUB-CLASS PERIOD,  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

88.     DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

89.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

90.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

91.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them,

and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

92.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## **FOURTH CAUSE OF ACTION**

### **For Failure to Provide Required Meal Periods**

### **[Cal. Lab. Code §§ 226.7 & 512 ]**

### **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

93.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

94.     During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA

35

LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

95.     DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

96.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

///

///

///

///

///

///

**FIFTH CAUSE OF ACTION**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

97.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

98.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

99.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

100.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**SIXTH CAUSE OF ACTION**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

101.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

102.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

103.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the

wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

104.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

///

///

///

///

CLASS ACTION COMPLAINT

**<u>SEVENTH CAUSE OF ACTION</u>**

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

105.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

reallege and incorporate by this reference, as though fully set forth herein, the prior

paragraphs of this Complaint.

106.    Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary
> expenditures or losses incurred by the employee in direct consequence of the
> discharge of his or her duties, or of his or her obedience to the directions of
> the employer, even though unlawful, unless the employee, at the time of
> obeying the directions, believed them to be unlawful.

107.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

CLASS members for required expenses incurred in the discharge of their job duties for

DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

limited to, costs related to using their personal cellular phones on behalf of and for the

benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR

SUB-CLASS Members were required by DEFENDANT to use their personal cellular

phones and home offices in order to perform work related job tasks.  DEFENDANT's policy

and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

CLASS members for expenses resulting from using their personal cellular phones and home

offices for DEFENDANT within the course and scope of their employment for

DEFENDANT.  These expenses were necessary to complete their principal job duties.

DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this

expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF

CLASS ACTION COMPLAINT

1   and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify

2   and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

3   these expenses as an employer is required to do under the laws and regulations of California.

4        108.   PLAINTIFF therefore demands reimbursement for expenditures or losses

5   incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge

6   of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

7   with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

8   **EIGHTH CAUSE OF ACTION**

9   **For Failure to Pay Sick Pay Wages**

10   **[ Cal. Lab. Code §§ 201-203, 210, 233, 246]**

11   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

12   **and Against All Defendants)**

13        109.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

14   CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

15   paragraphs of this Complaint.

16        110.   Cal Lab. Code § 233 provides that an employer must permit an employee to

17   use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then

18   current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to

19   sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5.

20   Specifically, once accrued sick leave is used as paid sick time, an employee has a vested

21   right to sick pay wages, which an employer must calculate and compensate based on one of

22   two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the

23   same manner as the regular rate of pay for the workweek in which the employee uses paid

24   sick time, whether or not the employee actually works overtime in that workweek," or (ii)

25   "Paid sick time for nonexempt employees shall be calculated by dividing the employee's

26   total wages, not including overtime premium pay, by the employee's total hours worked in

27   the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and

28   233, employees may sue to recover underpaid sick pay wages as damages.

41

111.   As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn non-hourly remuneration.  As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.  As a result, DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS.

112.   Cal. Lab. Code § 246 specifically requires that, upon use of accrued sick leave, vested sick pay wages are due and to be paid no later than the payday for the next regular payroll period after accrued sick leave is used as paid sick time.  Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an employee, wages earned and unpaid at the time of discharge are due and payable immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given 72-hour notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  The Labor Code penalizes untimely payments.  For example, Cal. Lab. Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days. Likewise, Cal. Lab. Code § 210 provides penalties for untimely payments during employment.  Under Cal. Lab. Code §§ 203, 210 and 218, employees may sue to recover applicable penalties.

113.   As alleged herein and as a matter of policy and practice, DEFENDANT

1  routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other

2  members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay

3  wages.  As a result, DEFENDANT violates Cal. Lab. Code §§ 201-203, 210, 233, and 246,

4  among other Labor Code provisions.  PLAINTIFF is informed and believes that

5  DEFENDANT was advised by skilled lawyers and knew, or should have known, of the

6  mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the

7  California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also

8  include those benefits to which an employee is entitled as a part of his or her compensation,

9  including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth*

10 *Cole Prods., Inc*., 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT

11 willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA

12 LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable

13 penalties.

14      114.   Such a pattern, practice, and uniform administration of corporate policy is

15 unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-

16 SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties,

17 attorney's fees, and costs of suit.

18                             **PRAYER FOR RELIEF**

19      WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

20 severally, as follows:

21 1.    On behalf of the CALIFORNIA CLASS:

22      A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

23           CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

24      B)    An order temporarily, preliminarily and permanently enjoining and restraining

25           DEFENDANT from engaging in similar unlawful conduct as set forth herein;

26      C)    An order requiring DEFENDANT to pay all wages and all sums unlawfully

27           withheld from compensation due to PLAINTIFF and the other members of the

28           CALIFORNIA CLASS; and,

D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)   Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D)   Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E)   For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F)   The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G)   The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.   On all claims:

44

1    A)    An award of interest, including prejudgment interest at the legal rate;

2    B)    Such other and further relief as the Court deems just and equitable; and,

3    C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

4    law, including, but not limited to, pursuant to Labor Code §221, §226, §1194,

5    and/or §2802.

6    Dated: October 3, 2023        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By:   /s/ Nicholas De Blouw
       Norman B. Blumenthal
       Nicholas J. De Blouw

*Attorneys for Plaintiff*

1

## **DEMAND FOR A JURY TRIAL**

2          PLAINTIFF demands a jury trial on issues triable to a jury.

3

4     Dated: October 3, 2023          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                              By:   /s/ Nicholas De Blouw
                                    _____
7                                   Norman B. Blumenthal
                                    Nicholas J. De Blouw
8
                                    *Attorneys for Plaintiff*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALASKA AIRLINES, INC., a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHNATHAN VIGIL, an individual, on behalf of himself and on behalf of all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
Central
400 McAllister St., San Francisco, CA 94102-4514

CASE NUMBER:
*(Número del Caso):*
**CGC-23-609451**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal     (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE: **10/03/2023**
*(Fecha)*

Clerk, by **DAEJA ROGERS** , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

 under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

 ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*